IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA PETROLEUM EQUIPMENT d/b/a Stoddard Equipment, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 11-3449-CV-S-ODS |
| BROYLES, INC., | ) ) ) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

  Defendant filed a Motion to Dismiss on November 17, 2011. Plaintiff did not respond within the time for doing so, and on December 8 the Court ordered Plaintiff to show cause why the motion should not be granted. The deadline for responding to the Order to Show Cause was December 22, but Plaintiff did not respond.

  The lack of a response from Plaintiff does not mean Defendant is automatically entitled to have the case dismissed. The motion can be granted only if the Court is persuaded that Defendant is correct and that Plaintiff has failed to state a claim. For the following reasons, the Motion to Dismiss (Doc. # 5) is denied.

  The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

> face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

Plaintiff asserts Defendant breached a written contract, and attached a copy of the contract that was allegedly breached. The parties to the contract are Defendant, Kingsley Group, and Business Brokers Unlimited, LLC (collectively "Kingsley"). The contract recites that Kingsley is acting as a broker on behalf of a business identified only as "2646 value added distributor." Kingsley was acting as a broker to seek prospective buyers for "2646 value added distributor," and Defendant was a prospective buyer. The contract between Kingsley and Defendant governs Kingsley's disclosure of confidential information about "2646 value added distributor" in exchange for Defendant's agreement to keep the information a secret. Plaintiff alleges (1) it is "2646 value added distributor" and Kingsley was its agent and (2) Defendant breached the confidentiality provisions of the contract.

Defendant contends the case must be dismissed because Plaintiff is not a party to the contract. "In order to state a cause of action on a contract, one must be a party to that contract from which the action arises." McFarland v. O'Gorman, 814 S.W.2d 692, 694 (Mo. Ct. App. 1991). However, even if Plaintiff is not deemed a party by virtue of its agent's actions, Plaintiff can still assert a claim as a third-party beneficiary.

> "A third party beneficiary is '[o]ne for whose benefit a promise is made in a contract but who is not a party to the contract.'" *Haren & Laughlin Const.*

2

*Co. v. Jayhawk Fire Sprinkler Co.*, 330 S.W.3d 596, 600 n. 1 (Mo.App. W.D.2011) (citation omitted). " 'A third-party beneficiary can sue to enforce the contract if the contract terms "clearly express" an intent to benefit either that party or an identifiable class of which the party is a member.' " *Id*. (citation omitted). The fact that the third-party beneficiary is not identified by name in the contract does not bar that party from enforcing the terms of the contract, if the party fits into the identifiable class of persons. *Kansas City N.O. Nelson Co. v. MidWestern Const. Co. of Mo.*, 782 S.W.2d 672, 677 (Mo.App. W.D.1990).

RLI Ins. Co. v. Southern Union Co., 341 S.W.3d 821, 830 (Mo. Ct. App. 2011). These requirements have been satisfied: the contract expresses an intent to protect "2646 value added distributor," and the information that was the subject of the contract related to this entity. The fact that the entity was not specified by name does not defeat the legal viability of the claim.

Plaintiff has asserted a claim upon which relief can be granted, so the Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: January 3, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3