IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MID-AMERICA PETROLEUM EQUIPMENT d/b/a Stoddard Equipment, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 11-3449-CV-S-ODS |
| BROYLES, INC., ) ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment. As discussed more fully below, Plaintiff has not responded to the motion and the time for doing so has passed. After reviewing the uncontroverted facts established by the combination of (1) the affidavits supplied by Defendant and (2) Plaintiff's failure to respond to those facts (see Fed. R. 56(c) and Local Rule 56.1(a)), the Court concludes Defendant is entitled to judgment as a matter of law, so the motion (Doc. # 23) is granted.

## I. BACKGROUND

### A. Procedural

Defendant's Motion for Summary Judgment was filed on December 5, 2012. Plaintiff filed a Notice of Dismissal in an attempt to dismiss the case without prejudice. The Court issued an order noting that Plaintiff could unilaterally dismiss the case without prejudice only upon leave of court because Defendant had filed an Answer and a Motion for Summary Judgment and directed Defendant to indicate its position on the matter. On December 11, the Court denied Plaintiff's request to dismiss without prejudice based on

Plaintiff's request for additional time to respond to Defendant's Summary Judgment, which the Court construed as a withdrawal of the request to dismiss. The Court also referenced Plaintiff's failure to list this case as an asset in its pending bankruptcy. Plaintiff was given until December 21 to (1) respond to the motion for summary judgment and (2) certify that it had amended its Bankruptcy Schedules to include this unliquidated claim as an asset. Neither event has occurred.

## B. Factual

The Complaint asserts Defendant breached a written contract, a copy of which was attached to the Complaint. The parties to the contract are Kingsley Group and Business Brokers Unlimited, LLC (collectively "Kingsley") and Defendant. The contract recites that Kingsley is acting as a broker on behalf of a business identified only as "2646 value added distributor." Kingsley was acting as a broker to seek prospective buyers for "2646 value added distributor," and Defendant was a prospective buyer. The contract between Kingsley and Defendant governs Kingsley's disclosure of confidential information about "2646 value added distributor" in exchange for Defendant's agreement to keep the information a secret. Plaintiff alleges (1) it is "2646 value added distributor" and Kingsley was its agent and (2) Defendant breached the confidentiality provisions of the contract. Plaintiff also alleges Defendant contacted Plaintiff's employees, customers, and suppliers, thereby damaging Plaintiff.

Through its President's sworn affidavit, Defendant concedes it entered the contract with Kingsley, but that Kingsley "never offered, and [Defendant] never received, any such confidential corporate or financial information about" Plaintiff. Defendant never disclosed any confidential information obtained pursuant to the contract because it never obtained any confidential information. The affidavit admits to conversations with some of Plaintiff's employees, but avers that these conversations were initiated by the employees who were looking for work because they were concerned about Plaintiff's financial condition and continuing viability. Finally, the affidavit denies any contacts were made

with Plaintiff's customers or suppliers "outside of any normal business competition contacts."

## II.   DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Failure to demonstrate that an allegedly undisputed fact is, in reality, disputed, allows the court to deem the fact as uncontroverted.  Fed. R. Cvi. P. 56(e)(2); Local Rule 56.1(a).

Plaintiff alleges Defendant violated a contractual obligation to maintain the confidentiality of certain information.  The uncontroverted facts establish that Defendant did not obtain the confidential information, so it obviously could not have divulged or used it.  To the extent Plaintiff alleges Defendant used the information to contact employees, the uncontroverted facts establish that Plaintiff's employees initiated contacts with

3

Defendant. Thus, the uncontroverted facts establish that Defendant did not breach the contract, and Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

Defendant's Motion for Summary Judgment is granted, and judgment is entered in Defendant's favor.
IT IS SO ORDERED.

DATE: January 7, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT